[No. 847-3.    Division Three.    May 3, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD LILES, *Appellant.*

*Darrell E. Ries* (of *Ries & Kenison*), for appellant.

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

GREEN, C.J.—Defendant, Richard Liles, appeals from a judgment and sentence entered upon a jury conviction for the crimes of (1) unlawful possession of heroin with intent to deliver; and (2) unlawful possession of marijuana under 40 grams.

Errors are assigned to (1) the admission of evidence of a prior conviction; (2) the admission of testimony by a police officer as to the street value of heroin; and (3) the refusal to grant defendant's motion to dismiss the charge of unlawful possession of heroin with intent to deliver for insufficiency of the evidence.

On September 1, 1972, officers of the Yakima County sheriff's office and Yakima police officers, acting under a valid search warrant, entered and searched apartment No. 37 of the Maywood Lodge occupied by the defendant. During the search the officers found on a shelf in the kitchen area of the apartment, and in a "baggie" inside a plastic refrigerator box, 6.88 grams of white powder, later found to contain heroin. This powder contained about 5 percent heroin and

95 percent sugar. They also found the remnants of a small handrolled cigarette (later determined to contain marijuana) in a black leather coat hanging in a bedroom closet.

The evidence showed that defendant had been an occupant of apartment No. 37 since July 25, 1972. The prior occupant moved out on the day that the defendant moved into the apartment and left some unidentified items. Defendant denied any prior knowledge of the white powder but admitted prior knowledge of the marijuana cigarette which he claimed belonged to a girl friend.

■ First, error is assigned to the admission of defendant's prior conviction on March 6, 1970, in the United States District Court for the Eastern District of Washington, of the offense of unlawful possession of a firearm in violation of the Omnibus Crime Control and Safe Streets Act of 1968. The thrust of defendant's position is that RCW 10.52.030 allowing use of prior convictions is unconstitutional because it imposes an unreasonable burden upon a defendant's right to testify and is, therefore, a denial of due process in contravention of the Washington State Constitution, article 1, section 3, article 1, section 15, and article 1, section 22 (amendment 10), and the fourteenth amendment to the United States Constitution. Defendant relies upon *State v. Santiago*, 53 Hawaii 254, 492 P.2d 657 (1971). A reading of that case and the authorities cited therein reveals that some authority is developing in support of defendant's position. However, the Supreme Court of Washington has not yet seen fit to declare this statute unconstitutional. In this state, prior convictions are admissible. *State v. Blaine*, 64 Wash. 122, 116 P. 660 (1911); *State v. Smithers*, 67 Wn.2d 666, 409 P.2d 463 (1965); *State v. Gandee*, 73 Wn.2d 978, 439 P.2d 400 (1968); *State v. Martz*, 8 Wn. App. 192, 504 P.2d 1174 (1973), *review denied*, 82 Wn.2d 1002 (1973). Until our Supreme Court overrules this long line of decisions, this court is obliged to follow them.

Next, defendant assigns error to the admission over objection of testimony by Detective Bansmer of the Yak-

ima Police Department that the street value of the heroin found in defendant's apartment was between $680 and $1,020. In essence, it is contended that Detective Bansmer was not an expert, that his testimony was based upon hearsay, and that it was not material. We disagree.

■ Whether Detective Bansmer qualified as an expert was a matter resting within the sound discretion of the trial judge and the exercise of that discretion should not be disturbed unless abused. *State v. Tatum,* 58 Wn.2d 73, 360 P.2d 754 (1961); *State v. Nelson,* 72 Wn.2d 269, 432 P.2d 857 (1967); *State v. J-R Distribs., Inc.,* 82 Wn.2d 584, 512 P.2d 1049 (1973); *State v. Parker,* 9 Wn. App. 970, 515 P.2d 1307 (1973). We find no abuse. Detective Bansmer had participated in the investigation of narcotics and dangerous drug violations during his 5 years with the Yakima Police Department and prior thereto. During the 2 years preceding the defendant's arrest, it was his primary assignment. In that capacity he provided money to undercover agents who purchased narcotics on the street at the going rate. From these transactions, Detective Bansmer testified that the heroin found in defendant's room would have a street value of $680 to $1,020.

■ Even if Detective Bansmer did qualify as an expert, defendant contends the testimony was not material. On the other hand, the state argues, among other things, this testimony was admissible to show that defendant's possession was not inadvertent, *i.e.,* unwitting. We agree. Defendant denied any knowledge of the presence of the heroin and speculated that the prior tenant must have left it in the cupboard because some canned goods, sugar and coffee had been left behind. He stated that he saw the plastic container but thought it was flour. The value of the heroin was clearly relevant to the issue of unwitting possession. The fact that Detective Bansmer's opinion as to value was based upon hearsay does not render his opinion inadmissible. Expert opinion as to market value is always based upon hearsay because the expert, of necessity, must consider similar

sales of the article in the market. *See State v. Wineberg*, 74 Wn.2d 372, 384, 444 P.2d 787 (1968).

Finally, defendant contends the court erred in refusing to dismiss the charge of possession of heroin with intent to deliver upon the ground that there was no evidence upon which a jury could find an "intent to deliver." The state argues that an inference of an "intent to deliver" could be drawn by the jury from the following circumstances: (1) the monetary value of the heroin indicates a commercial quantity to be delivered; (2) none of the paraphernalia normally in the possession of a user was found in defendant's room; and (3) the heroin was not packaged as it would be for street sale, *i.e.*, paper bindles, balloons or prophylactics, but rather a single quantity in a plastic bag. It is contended by the state that the inference from these facts constitutes substantial evidence from which the jury could find an intent to deliver and, therefore, the issue was properly submitted to the jury. We disagree.

No evidence or proof was produced indicating that the amount found in defendant's room would not normally be possessed by a user. The lack of paraphernalia does not show defendant intended to deliver it to anyone. The lack of packaging, if anything, indicates it was held for use rather than for delivery. There is no evidence that defendant was engaged in the delivery of heroin. The circumstances which the state contends raise an inference of an "intent to deliver" are equally consistent with an intent to possess for the defendant's own use. Commenting on this type of situation in *Schmidt v. Pioneer United Dairies*, 60 Wn.2d 271, 276, 373 P.2d 764 (1962), the court said:

> The facts relied upon to establish a theory by circumstantial evidence must be of such a nature and so related to each other that it is the only conclusion that fairly or reasonably can be drawn from them. A verdict cannot be founded on mere theory or speculation. If there is nothing more tangible to proceed upon than two or more equally reasonable inferences from a set of facts, and under only one of the inferences would the defendant be

liable, a jury will not be allowed to resort to conjecture to determine the facts.

In *State v. Dugger,* 75 Wn.2d 689, 692, 453 P.2d 655 (1969), the court said:

> The circumstantial evidence upon which a verdict of guilty can be sustained must be consistent with the hypothesis of guilty and inconsistent with any reasonable hypothesis or theory establishing, or tending to establish, innocence. *State v. Lynn,* 73 Wn.2d 117, 436 P.2d 463 (1968); *State v. Sewell,* 49 Wn.2d 244, 299 P.2d 570 (1956). Without substantial evidence upon which to predicate an inference that an essential element of an offense has been established, a jury determination that such fact has been proved can be based upon nothing more than speculation or conjecture. *State v. Sewell, supra.* Such is not the purpose of the circumstantial evidence rule.

The court in *State v. Melrose,* 2 Wn. App. 824, 831, 470 P.2d 552 (1970), observes:

> It is not essential that there be direct evidence of value —a fact in issue—because reasonable inferences from substantial evidence may suffice. . . . Reasonable inferences from substantial evidence in a criminal case may be relied on to prove the crime. . . .
>
> When substantial evidence is present, the drawing of reasonable inferences therefrom and the doing of some conjecturing on the basis of such evidence is permissible and acceptable. *Lavender v. Kurn,* 327 U.S. 645, 90 L. Ed. 916, 66 S. Ct. 740 (1946). *If, however, the necessity for conjecture results from the fact that the evidence is merely scintilla evidence, then the necessity for conjecture is fatal.*

(Italics ours.) In the instant case, there is no substantial evidence from which an "intent to deliver" could be inferred. Therefore, the trial court erred in submitting the issue to the jury.

■ However, the trial court instructed the jury as follows:

INSTRUCTION No. 5
To convict the defendant, JOHN RICHARD LILES, of the

crime of Unlawful Possession of Heroin with Intent to Deliver, as charged in Count I of the Information, the State must prove to you beyond a reasonable doubt as to said defendant;

(1) That on or about September 1, 1972, the defendant willfully, unlawfully and feloniously, had in his possession a quantity of a certain controlled substance, to-wit: Heroin;

(2) That said defendant possessed said Heroin with intent to deliver;

(3) That said act occurred in Yakima County, Washington.

If you find from all the evidence admitted in this case that the State has proven beyond a reasonable doubt each and all of the foregoing elements of the crime charged in the Information, then it is your duty to return a verdict of guilty of the charge.

On the other hand, if, after weighing all of the evidence, you then entertain a reasonable doubt as to the establishment of any one of the foregoing elements, then it is your duty to return a verdict of not guilty of the crime of Unlawful Possession of Heroin with Intent to Deliver.

INSTRUCTION No. 6

You are instructed that Unlawful Possession of Heroin is a lesser included offense of the crime charged in Count I of the Information, Unlawful Possession of Heroin with Intent to Deliver. If you find beyond a reasonable doubt that:

(1) That on or about September 1, 1972, the defendant, JOHN RICHARD LILES, unlawfully feloniously had in his possession a controlled substance, to-wit, Heroin,

(2) That said act occurred in Yakima County, Washington;

but do not find beyond a reasonable doubt that there existed an intent to deliver, then you may find the defendant guilty of the lesser included offense of Possession of Heroin.

Since no assignments of error are raised to these instructions, they become the law of the case.

Inherent in the jury's verdict of guilty of possession of heroin with intent to deliver is the jury's finding of posses-

sion, *i.e.*, element No. (1) of instruction No. 5. The verdict could not have been reached without finding possession. Under instruction No. 6, possession is an included lesser offense. It necessarily follows that because no error has been found in the trial of the case, except the submission to the jury of the issue on "intent to deliver," this case should be remanded to the trial court with instructions to enter an amended judgment of guilty on the lesser included offense of possession of heroin and to resentence the defendant. 5 Am. Jur. 2d *Appeal and Error* § 938 (1962).

The conviction of unlawful possession of marijuana under 40 grams is affirmed; the conviction of unlawful possession of heroin with intent to deliver is reversed and remanded for proceedings in accordance with this opinion.

MUNSON and McINTURFF, JJ., concur.

Petition for rehearing denied June 13, 1974.

Review denied by Supreme Court September 25, 1974.