[No. 5961-1. Division One. February 5, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. OTIS
LEE SIMPSON, *Appellant.*

*Robert Olson* of *Seattle–King County Public Defender,*
for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Steven S.
Miller, Deputy,* for respondent.

FARRIS, C.J.—Simpson appeals from a judgment and
sentence entered upon a jury verdict finding him guilty of
unlawful possession of heroin with intent to deliver.

On March 15, 1977, six Seattle police officers, pursuant to
a search warrant, entered and searched a house occupied by
Simpson. The search uncovered (1) paraphernalia com-
monly associated with the use of marijuana and narcotic

drugs, (2) a bottle containing 7.8 grams of powder, part of which was heroin, (3) a baggie containing marijuana, (4) a paper bindle containing cocaine, and (5) a pie tin containing lactose. A search of Simpson's person produced two balloons, one of which contained heroin.

Simpson made a timely motion to suppress any evidence of marijuana, cocaine and several items of drug paraphernalia not associated with the use or sale of heroin. The motion was denied and the disputed evidence was admitted at trial. Simpson then requested that the following instruction be given:

The defendant is not on trial for any act or conduct not alleged in the information.

He timely excepted to the court's refusal to give the proposed instruction.

In two instances during the course of their deliberations, the jury asked for clarification of the trial court's instructions. The first jury inquiry was: "What is [the] specific charge—possession with intent to deliver a controlled substance or possession with intent to deliver heroin?" As its answer, the court restated the charge: "Possession of a controlled substance with intent to deliver, to–wit, heroin." The jury later asked: "Are we only to consider heroin on the lesser charge or should it include heroin, marijuana and cocaine?" The answer returned to the jury was: "No answer."

Simpson assigns error to the trial court's refusal to (1) exclude the evidence of the balloon containing heroin and of the marijuana, cocaine and various items of "drug paraphernalia," (2) give the requested limiting instruction, and (3) grant the motion to dismiss the charge of unlawful possession of heroin with intent to deliver, because of insufficient evidence.

■ As to the balloon containing heroin, Detective Greer, who found the balloon in Simpson's pocket, gave it to Detective Sutlovich and never saw it again until trial. Without Sutlovich's testimony, Simpson contends, the

State is unable to show that the balloon offered as evidence was, in fact, the same balloon taken from him on the day of the arrest. We reject the argument. The trial court could properly conclude that Detective Roesler's testimony, corroborated by Greer's identification of the balloon at trial, was sufficient to establish a chain of custody. There was no abuse of discretion in permitting the evidence. *Brown v. General Motors Corp.*, 67 Wn.2d 278, 407 P.2d 461 (1965).

■ The record reflects that several of the exhibits admitted at trial consisted of marijuana, cocaine and items of drug paraphernalia unrelated to the use or sale of heroin. Simpson claims that undue time and consideration was spent on the admission of this evidence and its admission unreasonably prejudiced the jury. *State v. Portrey*, 6 Wn. App. 380, 492 P.2d 1050 (1972). While we do not agree with Simpson's argument that extensive time was spent on the admission of this evidence, it was of little relevancy and there was great potential for prejudice in its admission. *See State v. Goebel*, 36 Wn.2d 367, 379, 218 P.2d 300 (1950); *State v. Terry*, 10 Wn. App. 874, 520 P.2d 1397 (1974). In so concluding, we do not ignore *State v. Hink*, 6 Wn. App. 374, 492 P.2d 1053 (1972).

In *Hink*, the marijuana found in Hink's pocket was admissible to show knowing possession of LSD found nearby. The *Hink* jury, however, was "clearly admonished" that Hink was being tried for possession of LSD and not any other offense. *State v. Hink, supra* at 380. In light of the tenuous connection the challenged evidence had in establishing Simpson's knowing possession of heroin (especially when some heroin was found on his person), the question is whether, at a minimum, the jury should have been admonished as to the limited purpose of that evidence.

A similar question was before the court in *State v. Whalon*, 1 Wn. App. 785, 794–95, 464 P.2d 730 (1970), *quoting with approval, State v. Goebel, supra* at 378–79:

> It is our view that this matter of the admission of evidence of independent and unrelated crimes, placing

a defendant, as it virtually does, on trial for offenses with which he is not charged, and which may well be better calculated to inflame the passions of the jurors than to persuade their judgment, should be surrounded with definite safeguards. When it becomes apparent that certain evidence tends to prove an independent and unrelated offense, the trial judge, in the absence of the jury, should ascertain upon what basis of relevancy the state relies. If the evidence offered is shown to be relevant to any material issue before the jury, it *may* be admitted, and, if it is, an explanation should be made at the time to the jury of the purpose for which it is admitted. . . . The court, in arriving at its decision as to the admissibility of the evidence, is of course not limited to the reasons given by the state; but the court should state to the jury whatever it determines is the purpose (or purposes) for which the evidence is admissible; and it should also be the court's duty to give the cautionary instruction that such evidence is to be considered for no other purpose or purposes.

Without commenting on the correctness of Simpson's proposed cautionary instruction, we hold that the court erred in failing to follow the procedure outlined in *State v. Whalon, supra.* The court's failure to answer the jury's inquiry, which indicated their confusion on the purpose of the challenged evidence, further compounded the error.

Simpson argues that the evidence was not sufficient to establish the offense of possession with intent to deliver. We understand his argument, although his reliance on *State v. Liles,* 11 Wn. App. 166, 521 P.2d 973 (1974), is misplaced. In *Liles,* there was an absence of evidence from which the trier of fact could infer possession with intent to deliver. Here the jury could have reasonably inferred "intent to deliver" from the quantity of uncut heroin found in a bottle in the bedroom, the heroin found in Simpson's pocket in a tied balloon, another balloon found on Simpson, a cut balloon found under the bed and the condition of the unusual quantity of lactose found in the oven. Balloons are commonly used for the packaging, transportation and sale of heroin. Lactose is a common agent for cutting heroin for

street sale. The reason Simpson gave for having this quantity of lactose baking in the oven (his girl friend was going to make a pie) might not have been accepted as true by a jury.

The record does not permit us to conclude that the error was harmless. We reverse and remand for a new trial.

WILLIAMS and RINGOLD, JJ., concur.