[No. 22356-9-I. Division One. December 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD
COBELLI, *Appellant.*

*Catherine Moore* and *Patricia Novotny* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Georgina D. Sierra, Deputy*, for respondent.

SWANSON, J.—Edward Cobelli appeals from his conviction in juvenile court for possession of marijuana with intent to deliver. He maintains that the State failed to establish the corpus delicti, rendering admission of his confession erroneous.

Cobelli was charged by information with possession of marijuana with intent to manufacture or deliver. At the fact–finding hearing, Redmond Police Officers Richard Evans and Gayle Marsh testified that they were conducting an undercover surveillance operation in the Totem Bowl area at about 3 p.m. on November 24, 1987. The officers were investigating a series of vehicle prowls and the exchange of stolen property for "bud," the street name for marijuana. While observing the parking lot of a nearby convenience store, the officers noticed Cobelli arrive and carry out a series of short conversations with several "clusters" of people. According to Officer Evans, Cobelli would "make contact" with someone, talk briefly, and then walk away. According to Officer Marsh, the "clusters" consisted of "like two" persons.

The officers, who were about 50 feet away, had an unobstructed view of the parking lot, but could not see anything other than conversation; no exchanges or other suspicious gestures were observed. The officers' attention was drawn to Cobelli because "we knew this to be a high drug area, activity–wise." Officer Marsh explained that "[t]he manner in which it was happening is real indicative of what I've seen before in the sales and purchase of drugs."

After observing Cobelli for a time, the officers' attention was drawn to the arrival of the suspect in the vehicle prowls

that they were investigating. At this point, the officers radioed for a marked police unit to assist in apprehending the suspect. When the patrol car arrived, Cobelli and several others left the parking lot on foot.

Officers Evans and Marsh assisted in the arrest and search of the suspect. The officers then drove behind the marked patrol car carrying the suspect back to the precinct station. As the vehicles passed Cobelli walking on N.E. 70th, an officer in the marked car radioed Evans and Marsh that the suspect had just identified Cobelli as having been selling marijuana at the convenience store parking lot.[1]

Officers Evans and Marsh pulled their vehicle off the street, got out, and approached Cobelli. After identifying themselves, the officers advised Cobelli of his *Miranda* rights, which Cobelli waived. The officers then informed Cobelli that they had been observing him and had heard he was selling marijuana at the convenience store.

After Cobelli denied that he possessed marijuana, the officers asked for permission to search him. Cobelli replied, "I don't know if I'm comfortable with that." The officers stepped back, and Cobelli then said, "all right." Cobelli immediately reached into his pockets and "tossed up the baggies containing suspected marijuana and some money and miscellaneous items up on to . . . the hood of the car." Several baggies containing a total of 1.4 grams of marijuana were recovered. Cobelli then admitted selling two baggies of marijuana for $10 each at the Totem Bowl.

Following presentation of the State's case, the defendant moved to dismiss, arguing that the State had failed to prove the corpus delicti of an intent to deliver. The trial court found sufficient circumstances to support admission of Cobelli's confession in his conduct at the Totem Bowl area, an area known for frequent drug transactions, coupled with the fact of possession. The trial court then found Cobelli guilty as charged.

---

[1]The informant's statement was admitted only for purposes of determining the validity of the *Terry* stop.

■ The trier of fact may not consider a defendant's extrajudicial confession or admissions unless independent proof prima facie establishes the corpus delicti. *State v. Ashurst,* 45 Wn. App. 48, 50, 723 P.2d 1189 (1986). Corpus delicti usually involves two elements: "(1) an injury or loss (*e.g.,* death or missing property) and (2) someone's criminal act as the cause thereof." *Bremerton v. Corbett,* 106 Wn.2d 569, 573–74, 723 P.2d 1135 (1986). The independent proof necessary to corroborate a confession need not be sufficient to support a conviction or even sufficient to send the case to the jury. Rather, prima facie proof in this context requires "evidence of sufficient circumstances which would support a logical and reasonable inference" that the charged crime occurred. *Bremerton v. Corbett, supra* at 578–79. "Proof of the corpus delicti of any crime requires evidence that the crime charged has been committed by someone." *State v. Hamrick,* 19 Wn. App. 417, 418, 576 P.2d 912 (1978).

In order to support admission of Cobelli's confession, the State was required to present prima facie proof of possession of marijuana and of an intent to deliver. RCW 69.50-.401(a). In reviewing the sufficiency of the proof of the corpus delicti, this court assumes the truth of the State's evidence and all reasonable inferences therefrom in the light most favorable to the State. *Bremerton v. Corbett, supra* at 571; *State v. Neslund,* 50 Wn. App. 531, 544, 749 P.2d 725, *review denied,* 110 Wn.2d 1025 (1988).

■ The record in this case lacks the type of circumstantial evidence often found to raise the inference of an intent to deliver, such as the observation of an exchange or possession of significant amounts of drugs or money. Cobelli was in possession of several baggies containing a total of 1.4 grams of marijuana, a relatively small amount. There was no evidence that such an amount is associated with an intent to deliver. *Cf. State v. Kovac,* 50 Wn. App. 117, 747 P.2d 484 (1987) (in challenge to sufficiency of the evidence, defendant's possession of 8 grams of marijuana in seven baggies insufficient to justify inference of intent to deliver).

Although Cobelli also removed some money from his pockets along with the baggies, the record does not indicate how much.[2] *Cf., e.g., State v. Simpson,* 22 Wn. App. 572, 590 P.2d 1276 (1979) (quantity of drugs and nature of packaging, among other circumstances, supported inference of possession with intent to deliver); *State v. Harris,* 14 Wn. App. 414, 542 P.2d 122 (1975) (possession of five 1–pound bags of marijuana and gram scales constituted substantial evidence of an intent to deliver), *review denied,* 86 Wn.2d 1010 (1976). Mere possession, without more, does not raise an inference of the intent to deliver. *See State v. Harris, supra.*

The trial court found that Cobelli's conduct at the convenience store's parking lot, in conjunction with the evidence of possession, was sufficient to satisfy the corpus delicti requirement. Officers Evans and Marsh observed Cobelli engage in a series of brief conversations with small "clusters" of people. Cobelli then left the parking lot when the marked police car arrived. Although the area was known for drug trafficking, the officers saw nothing exchanged and no suspicious gestures. Even viewing these circumstances in the light most favorable to the State, we cannot say that they would support a logical and reasonable inference that Cobelli possessed marijuana with the intent to deliver. The circumstances observed by the officers are no more indicative of an intent to deliver than they are of mere possession.

Because the State failed to establish the corpus delicti of an intent to deliver, Cobelli's confession was erroneously admitted. Without Cobelli's confession, there was insufficient evidence to support the conviction. *Cf. State v. Smith,* 54 Wn. App. 467, 774 P.2d 519 (1989), *review granted,* 113 Wn.2d 1034 (1990). However, because the evidence of possession was undisputed, we remand for entry of

---

[2]In its appellate brief, the State asserts, without citation to the record, that Cobelli had a specific amount of cash. A review of the record does not confirm this amount; nor did the trial court enter any findings on this question.

an amended judgment of guilt on the lesser included offense of possession. *See State v. Kovac, supra* at 12; *State v. Liles,* 11 Wn. App. 166, 172–73, 521 P.2d 973, *review denied,* 84 Wn.2d 1005 (1974).

SCHOLFIELD and PEKELIS, JJ., concur.