# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75403-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LEISHA MARIE BUTLER, | ) | |
| | ) | FILED: March 5, 2018 |
| Appellant. | ) | |

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED
2018 MAR -5 AH 9: 25

VERELLEN, C.J. — Leisha Butler appeals her conviction for possession of a controlled substance with intent to manufacture or deliver, arguing admissions to police were inadmissible for lack of corpus delicti. Because the State presented sufficient corroborating evidence to establish the corpus delicti of possessing heroin with intent to deliver, we affirm.

## FACTS

On December 5, 2014, Snohomish County Sheriff's Deputy Charboneau responded to a one car collision in Granite Falls. By the time officers arrived, the vehicle was empty. Butler was the registered owner of the vehicle. While Deputy Charboneau attempted to contact Butler, a neighbor told him there was someone moving in and out of the woods nearby, watching the officers. The neighbor pointed out the location, a small wooded area near residential areas.

Deputy Charboneau walked into the woods and saw two legs sticking out from under the bush. He called to the person, later identified as Butler's boyfriend, John Swanson. When Deputy Charboneau saw Butler nearby and directed her to stand up, he saw a green ball roll away from her left side. The ball was approximately the size of a baseball or softball and was a dark substance wrapped in light green cellophane.

As Deputy Charboneau went back into the woods to get the green ball, he also found a small clear bag with white crystal powder inside and a red makeup bag near where Butler was sitting. The makeup bag had syringes filled with a brown substance. Nearby and partially covered up with branches, he also found a black and brown duffle bag with a flashlight and wooden club tied to the outside. There was a scale with residue inside the duffle bag. Swanson claimed the duffle bag was his.

Police asked Butler if she had anything else on her person, and she produced a golf ball sized ball of a brown tar-like substance in plastic wrapping from inside her bra. A search incident to arrest also revealed $198 in cash and eight preloaded debit cards, one in Butler's name. Butler also had nine gift cards in her purse.

Police sent the substances to the Washington State Patrol Crime Laboratory for testing. The green ball, weighed and tested without packaging, was determined to be 199.79 grams of heroin. The golf ball sized item from Butler's bra was also weighed and tested and was determined to be 25.31 grams of

heroin. The small clear bag with white crystal powder was determined to be 0.95 grams of methamphetamine.

The State charged Leisha Butler with possession of heroin with intent to manufacture or deliver (count one), possession of methamphetamine (count two), and possession of suboxone (count three). Count three was later dismissed.

Butler moved to dismiss count one, arguing there was insufficient evidence establishing corpus delicti for the charge absent Butler's admissions. The trial court considered the police reports for purposes of this hearing. Butler admitted to police that the heroin that she had was for delivery and that she traded the heroin for EBT[1] cards and other items.

Butler possessed approximately 240 grams of heroin, numerous EBT cards in different names and account numbers, and $198 in cash. Her codefendant had $648 in cash and a scale. The court found that the State had established corpus delicti based upon (i) the quantity of heroin, (ii) the numerous EBT cards with different names and account numbers, and (iii) her codefendant's possession of a large amount of cash and a scale. The court reasoned the first two factors alone would be enough to establish corpus delicti for possession with intent to deliver, adding that there was "without any doubt, sufficient evidence to overcome the corpus delicti issue."[2]

---

[1] "Electronic benefit transfer" cards are used for issuing welfare payments.

[2] Report of Proceedings (Feb. 12, 2016) at 10.

Butler raised the corpus delicti issue again in limine to the trial court as it applied to the admissibility of her statements regarding the intent to deliver charge. The court reserved its ruling and instructed the State not to mention Butler's statements until corpus delicti had been established through testimony.

Narcotics Detective Jarrod Seth did not take part in the investigation in this case but testified about his extensive experience and knowledge of larger-scale drug trafficking organizations. Detective Seth explained the price of different quantities of heroin.

The court ruled the State had met its burden to independently establish possession with intent to deliver heroin. The court allowed the State to present Butler's admission to the jury. Deputy Charboneau told the jury that after he advised Butler of her constitutional rights, he asked her what was in the ball wrapped in green plastic, and she responded that it was heroin she was selling. She also admitted the small baggie of white crystal-like powder was her methamphetamine. She told Deputy Charboneau the green plastic wrapped ball contained around 8 ounces, and it would take her two to three weeks to sell it. She charged $10 for a gram. The ball belonged to her and Swanson, and Swanson helped her sell it. She also explained she would accept preloaded debit cards in exchange for heroin. After making those statements, Butler removed the smaller ball of heroin from her bra. The jury convicted Butler of possession of heroin with intent to deliver as charged in count one and possession of methamphetamine, as charged in count two.

Butler appeals.

## ANALYSIS

Butler argues the State did not present sufficient corroborating evidence to establish the corpus delicti of possessing heroin with intent to deliver under RCW 69.50.401(1).

A trial court may not admit the accused's extrajudicial incriminating statements unless the State presents independent evidence of the corpus delicti of the crime to corroborate the statements.[3] The rule exists to prevent unjust convictions based solely upon false confessions.[4] A defendant's incriminating statement alone is insufficient to establish that a crime took place.[5] "In determining whether there is sufficient independent evidence under the corpus delicti rule, we view the evidence in the light most favorable to the State."[6] The independent evidence must provide prima facie corroboration of the crime described in the incriminating statement.[7] Prima facie corroboration "exists if the independent evidence supports a 'logical and reasonable inference' of the facts sought to be proved."[8] Mere possession of a controlled substance does not support an inference of intent to deliver. At least one additional fact must exist that

---

[3] State v. Brockob, 159 Wn.2d 311, 327-28, 150 P.3d 59 (2006).

[4] State v. Vangerpen, 125 Wn.2d 782, 796, 888 P.2d 1177 (1995).

[5] Brockob, 159 Wn.2d at 328.

[6] Id.

[7] Id.

[8] Id.

suggests an intent to deliver.[9] Washington courts have recognized the quantity of drugs and nature of packaging, among other circumstances, support an inference of possession with intent to deliver.[10]

Butler relies on State v. Cobelli where this court held "[m]ere possession, *without more*, does not raise an inference of the intent to deliver."[11] The court acknowledged Cobelli possessed several bags of marijuana, but there was no evidence that such an amount was associated with an intent to deliver.[12] Cobelli also removed cash from his pockets, but the record did not establish an amount.[13]

Here, Deputy Charboneau testified that Butler had a 25.31 gram ball of heroin in her bra and a 199.79 gram ball of heroin that rolled away from her when she stood up. Butler also had a large amount of cash, preloaded debit cards, and gift cards. The codefendant, Swanson, had a scale with heroin residue, and he was hiding with Butler. This testimony provides a sufficient basis to persuade a fair-minded, rational fact finder there was an intent to deliver heroin.

---

[9] State v. O'Connor, 155 Wn. App. 282, 290, 229 P.3d 880 (2010.

[10] See State v. Simpson, 22 Wn. App. 572, 575-76, 590 P.2d 1276 (1979); State v. Harris, 14 Wn. App. 414, 418-19, 542 P.2d 122 (1975).

[11] 56 Wn. App. 921, 925, 788 P.2d 1081 (1989) (emphasis added).

[12] Id. at 924-25.

[13] Id.

We conclude the trial court properly found the State presented sufficient corroborating evidence establishing the corpus delicti of possession of heroin with intent to deliver.

We affirm.

_____

WE CONCUR:

_____          _____
                                          Trickey, J