# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50160-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| WILLIAM GENE CANNING, | |
| Appellant. | |

MAXA, C.J. – William Canning appeals his conviction of unlawful possession of a controlled substance (methamphetamine) with intent to deliver and the imposition of certain legal financial obligations (LFOs).[1] We hold that (1) sufficient evidence supports the intent to deliver element of his conviction; (2) as the State concedes, the trial court erred in imposing a discretionary LFO (jury demand fee) without assessing his ability to pay and the criminal filing fee must be stricken; and (3) the judgment and sentence contains an incorrect offender score. Accordingly, we affirm Canning's conviction but remand for the trial court to strike the jury demand fee and criminal filing fee and to correct Canning's offender score in the judgment and sentence.

## FACTS

In July 2016, officers arrested Canning for not having a valid driver's license and for failing to register the pickup he was driving. In a search incident to arrest, they seized a

---

[1] Canning also was convicted of unlawful possession of a controlled substance (heroin), but he does not appeal that conviction.

container from Canning's front pants pocket. Inside the container were three baggies of suspected methamphetamine and one baggie of suspected heroin. Canning also had $125 in cash. Officers recovered a smoking pipe from the truck, but Canning denied that the pipe belonged to him.

The State charged Canning with unlawful possession of a controlled substance, methamphetamine, with intent to deliver, and unlawful possession of a controlled substance, heroin.

Sergeant Mark Langlois testified without objection that he suspected Canning was distributing rather than personally using the large quantity of methamphetamine. He explained that a typical user amount is one gram or less and that he suspects a person is distributing if the person possesses over three grams of methamphetamine. He also stated that how the drugs were packaged and the amount of drugs seized convinced him that Canning was distributing.

Detective Benjamin Mortensen testified without objection that anytime a person possesses 3.5 grams of methamphetamine or more, he suspects distributing. He also testified that the overall weight of the drugs, how they were packaged, and that Canning had $125 told him that Canning was distributing.

A forensic scientist testified that that the substance in the three bags was methamphetamine. She also stated that the bags of methamphetamine weighed 1 gram, 5.2 grams, and 6.8 grams, respectively.

A jury found Canning guilty of possession of methamphetamine with intent to deliver. The State argued that Canning's offender score was 5, but Canning argued that it was 3. The parties eventually agreed to an offender score of 3 because it did not change Canning's sentencing ranges. But the judgment and sentence was not corrected to reflect this agreement.

The trial court stated that it was imposing financial obligations as required by statute. Two of the LFOs that the court imposed were a jury demand fee of $250 and a criminal filing fee of $200.

Canning appeals his conviction and the imposition of the LFOs.

ANALYSIS

A. SUFFICIENCY OF EVIDENCE

Canning argues that the State failed to present sufficient evidence to prove that he intended to deliver the methamphetamine he possessed. He argues that there was no evidence other than the quantity of drugs to support the intent to deliver element of the offense. We disagree.

1. Standard of Review

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id.*

2. Legal Principles

In order to prove unlawful possession of a controlled substance with intent to deliver, the State had to prove (1) unlawful possession (2) of a controlled substance (3) with the intent to deliver. RCW 69.50.401(1).

As a general rule, "[m]ere possession of a controlled substance, including quantities greater than needed for personal use, is not sufficient to support an inference of intent to deliver."

*State v. O'Connor*, 155 Wn. App. 282, 290, 229 P.3d 880 (2010). But a finder of fact can infer intent to deliver from possession of a significant amount of a controlled substance plus at least one additional factor. *Id.* Several courts have upheld convictions for intent to deliver based on a large amount of drugs and additional evidence. *See, e.g., State v. Hotchkiss*, 1 Wn. App. 2d 275, 281-82, 404 P.3d 629 (2017) (8.1 grams of methamphetamine and $2,150 sufficient), *review denied*, 190 Wn.2d 1005 (2018); *O'Connor*, 155 Wn. App. at 291 (a large amount of marijuana, a sophisticated grow operation, and a scale sufficient); *State v. Simpson*, 22 Wn. App. 572, 575-76, 590 P.2d 1276 (1979) (quantity of drugs and nature of packaging sufficient); *State v. Harris*, 14 Wn. App. 414, 418-19, 542 P.2d 122 (1975) (quantity of drugs, value and a scale sufficient).

3. Analysis

Here, both officers testified that the amount of methamphetamine that Canning possessed was far more than a typical user would possess. This evidence supported an inference that Canning intended to deliver the drug. Further, three additional factors supported the jury's finding that Canning possessed the methamphetamine with the intent to deliver.

First, the methamphetamine was packaged in three separate baggies. Both officers testified that if someone is buying methamphetamine in bulk, the drugs usually would be in one bag, not three bags of different weights, and typically would weigh less than 3.5 grams. A reasonable inference is that the methamphetamine was packaged for delivery rather than for personal use.

Second, Canning was not in possession of any devices that would allow him to use the methamphetamine. Although officers found a pipe in the truck, Canning denied that it belonged to him. The absence of any device to use methamphetamine supports a reasonable inference that Canning was delivering the methamphetamine rather than using it himself.

Third, Canning possessed a relatively small amount of cash. Sergeant Langlois testified that when he apprehends someone with a small amount of money and a large amount of drugs, that person likely just spent all his money to buy the drugs. This evidence supports a reasonable inference that Canning had just replenished his drug supply for delivery.

Viewed in a light most favorable to the State, the evidence supports the jury's finding that Canning possessed the methamphetamine with the intent to deliver it. Accordingly, we hold that the evidence was sufficient to convict Canning of possession of methamphetamine with intent to deliver.

B.      LEGAL FINANCIAL OBLIGATIONS

1.      Discretionary LFO

Canning argues, and the State concedes, that the trial court improperly failed to assess his ability to pay before imposing the jury demand fee – a discretionary LFO. *State v. Lundy,* 176 Wn. App. 96, 107, 308 P.3d 755 (2013) (jury demand fee is discretionary cost). We accept the State's concession that the trial court improperly imposed the jury demand fee and that the fee should be stricken.

2.      Criminal Filing Fee

Canning argues, and the State concedes, that the criminal filing fee must be stricken based on the 2018 amendments to the LFO statutes. RCW 36.18.020(2)(h) now provides that the trial court cannot impose a criminal filing fee on an indigent defendant. This statute applies prospectively to cases pending on direct appeal when the statute was amended. *State v. Ramirez,* 191 Wn.2d 732, 749-50, 426 P.3d 714 (2018). We accept the State's concession that criminal filing fee should be stricken.

C.     OFFENDER SCORE

Canning argues that his judgment and sentence improperly lists his offender score as 5 when it should have been 3. We accept the State's concession that this was a scrivener's error, as the record clearly reflects the parties' agreement that the offender score was 3.

## CONCLUSION

We affirm Canning's conviction for possession of a controlled substance (methamphetamine) with intent to deliver, but we remand for the trial court to strike the jury demand fee and criminal filing fee and to correct Canning's offender score in the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

JOHANSON, J.

LEE, J.