[Nos. 12870-9-III; Division Three. October 26, 1995.] 14226-4-III.

THE STATE OF WASHINGTON, *Respondent*, v. LEROY THOMAS DAVIS, *Appellant*.

*In the Matter of the Personal Restraint of* LEROY DAVIS, *Petitioner.*

---

*Eric R. Weston*, for appellant/petitioner.

*John D. Knodell III, Prosecuting Attorney*, and *Jerald R. Hamley, Deputy*, for respondent.

SWEENEY, J. —  Mere possession of marijuana will not support a conviction for possession with intent to

deliver; more is required.[1] Leroy Thomas Davis was convicted of possession of marijuana with intent to deliver. The evidence against him included possession of a bread sack with six individually wrapped baggies of marijuana, two baggies of marijuana seeds, a film canister containing marijuana, a baggie with marijuana residue in it, a box of sandwich baggies, a pipe used for smoking marijuana, a number of knives, and police testimony that it was not customary for people who simply use marijuana to have that "quantity with that packaging." The question presented here is whether the evidence marshalled by the State is sufficient to infer an intent to deliver marijuana.[2] We conclude that it is not and reverse the conviction.

■ Preliminarily, the State argues that Mr. Davis cannot challenge the sufficiency of the evidence by a personal restraint petition because he did not appeal the original judgment. And it is true a personal restraint petition is not a substitute for an appeal.[3] But the failure to raise a constitutional issue for the first time in a direct appeal no longer necessarily precludes consideration of that issue by a personal restraint petition.[4] The petitioner must show also that the constitutional error worked to his actual and substantial prejudice.[5] Here, the State concedes that a challenge to the sufficiency of the evidence is an issue of constitutional magnitude. And it is certainly beyond controversy that if there was error, it worked to Mr. Davis's actual and substantial prejudice. He was convicted of possession with intent to deliver rather than simple possession. We therefore grant Mr. Davis's personal re-

[1]*State v. Hutchins*, 73 Wn. App. 211, 216, 868 P.2d 196 (1994); *State v. Cobelli*, 56 Wn. App. 921, 925, 788 P.2d 1081 (1989).

[2]*State v. Kovac*, 50 Wn. App. 117, 119, 747 P.2d 484 (1987).

[3]*In re Reismiller*, 101 Wn.2d 291, 293, 678 P.2d 323 (1984).

[4]*In re Lord*, 123 Wn.2d 296, 303, 868 P.2d 835, *clarified*, 123 Wn.2d 737, 870 P.2d 964, *cert. denied*, 115 S. Ct. 146 (1994); *Hews v. Evans*, 99 Wn.2d 80, 87, 660 P.2d 263 (1983).

[5]*Reismiller*, 101 Wn.2d at 293.

straint petition and address his challenge to the sufficiency of the evidence.

■ The standard of review for a challenge to the sufficiency of the evidence is well established. We view the evidence in a light most favorable to the prosecution.[6] And when so viewed we then determine whether any rational trier of fact could have found guilt beyond a reasonable doubt.[7]

■ It is unlawful in this state for anyone to possess a controlled substance with an intent to deliver.[8] The State, however, must prove that the defendant intended to deliver the controlled substance—presently or at some time in the future.[9] Because of the nature of the charge of possession with intent to deliver, evidence is usually circumstantial. But evidence of an intent to deliver must be sufficiently compelling that " 'the specific criminal intent of the accused may be inferred from the conduct where it is plainly indicated as a matter of logical probability.' "[10] As applied here, the intent to deliver must logically follow as a matter of probability from the evidence presented—evidence in addition to possession.

Convictions for possession with intent to deliver are highly fact specific.[11] Certainly, an intent to deliver might be inferred from an exchange or possession of significant amounts of drugs or money.[12] And there are also a variety of other circumstances which, taken together with posses-

---

[6]*State v. Scoby*, 117 Wn.2d 55, 61, 810 P.2d 1358, 815 P.2d 1362 (1991); *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

[7]*State v. Joy*, 121 Wn.2d 333, 338, 851 P.2d 654 (1993); *State v. Zamora*, 63 Wn. App. 220, 223, 817 P.2d 880 (1991).

[8]RCW 69.50.401(a).

[9]*State v. Vike*, 125 Wn.2d 407, 411-12, 885 P.2d 824 (1994).

[10](Italics omitted.) *Kovac*, 50 Wn. App. at 120 (quoting *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980)).

[11]*State v. Brown*, 68 Wn. App. 480, 485, 843 P.2d 1098 (1993).

[12]*Cobelli*, 56 Wn. App. at 924.

sion of a controlled substance, lead to the conclusion that possession was with the intent to deliver.[13]

In *Kovac*, officers seized seven baggies containing a total of eight grams of marijuana from the defendant. We held the evidence insufficient to justify an inference of intent to deliver.[14] In *Hutchins*, police seized in excess of forty grams of marijuana and charged the defendant with possession with intent to deliver. A police officer testified at trial about the "normal quantity" of marijuana seized in an arrest. We held that "[a]n officer's opinion of the quantity of a controlled substance normal for personal use is insufficient to establish, beyond a reasonable doubt, that a defendant possessed the controlled substance with an intent to deliver."[15]

Here, police discovered six baggies of packaged marijuana, two baggies of seeds, a film canister containing marijuana, a baggie with marijuana residue in it, and a box of sandwich baggies. No quantity of money was found, nor were any weighing devices. The seeds might well suggest an intent to grow marijuana. But there was no evidence Mr. Davis had bought or sold marijuana or was in the business of buying or selling. The marijuana totaled

---

[13]*State v. Mejia*, 111 Wn.2d 892, 766 P.2d 454 (1989) (presence of one and one-half pounds of cocaine combined with informant's tip); *State v. Taylor*, 74 Wn. App. 111, 123, 872 P.2d 53 ("the presence of contraband, together with packaging and processing materials, such as baggies, scales, and cutting agents, sufficiently support a finding of intent to deliver"), *review denied*, 124 Wn.2d 1029 (1994); *State v. Lane*, 56 Wn. App. 286, 786 P.2d 277 (1989) (one ounce of cocaine, together with large amounts of cash and scales, supported intent to deliver). *See State v. Harris*, 14 Wn. App. 414, 542 P.2d 122 (1975) (possession of five one-pound bags of marijuana, scale and the fact that marijuana was usually sold to dealers by the pound evidenced an intent to deliver), *review denied*, 86 Wn.2d 1010 (1976).

[14]*Kovac*, 50 Wn. App. at 121; *see Turner v. United States*, 396 U.S. 398, 419, 422-23, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970) (defendant in possession of 14.68 grams of cocaine; court holds evidence relating to cocaine was insufficient to establish it was possessed for resale).

[15]*Hutchins*, 73 Wn. App. at 217; *see also Brown*, 68 Wn. App. at 485 ("courts must be careful to preserve the distinction and not to turn every possession of a minimal amount of a controlled substance into a possession with intent to deliver without substantial evidence as to the possessor's intent above and beyond the possession itself").

nineteen grams, an amount which could certainly be consumed in the course of normal personal use. The packaging likewise is not inconsistent with personal use. There is not enough evidence before us to infer the specific criminal intent to deliver required by the statute. Intent to deliver does not follow as a matter of logical probability.[16]

The personal restraint petition is granted and the conviction is reversed. Because evidence of Mr. Davis's possession of the marijuana is undisputed, we remand the matter for entry of an amended judgment of guilt on the misdemeanor charge of possession. In light of our decision, we need not address Mr. Davis's assignment of error related to resentencing.

THOMPSON, C.J., and SCHULTHEIS, J., concur.