# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No.  49757-3-II |
| Respondent, | | |
| v. | | |
| DEMETRIUS JEROME HAYES | | UNPUBLISHED OPINION |
| Appellant. | | |

SUTTON, J. — Demetrius J. Hayes appeals his conviction for unlawful possession of a controlled substance–cocaine–with intent to deliver within 1000 feet of a school bus route stop. He argues that there was insufficient evidence to support the conviction. Hayes makes several claims in his Statement of Additional Grounds (SAG).[1] Hayes claims that (1) the trial court erred in failing to instruct the jury on the definition of "school bus," (2) insufficient evidence supports the jury's special verdict on the sentencing enhancement, (3) because the vehicle was unlawfully impounded, all evidence seized in the vehicle should have been suppressed, and (4) he received ineffective assistance of counsel.

We hold that the State presented sufficient evidence to support the conviction. We also hold that because Hayes's trial counsel did not request a jury instruction defining "school bus," or object to the trial court's failure to give this instruction, the trial court did not err in instructing the jury. Further, we hold that there was sufficient evidence to support the jury's special verdict on

---

[1] RAP 10.10.

the sentencing enhancement. We also hold that the record is insufficient to determine whether the vehicle was unlawfully impounded or to determine whether Hayes received ineffective assistance of counsel. Thus, we affirm.

FACTS

On August 25, 2015, Hayes was driving a black Jaguar when he was pulled over by City of Tacoma police officers and arrested on an outstanding warrant. No drugs, money, or drug dealing paraphernalia were found on Hayes's person. After impounding the black Jaguar, officers obtained a search warrant and searched the vehicle. In the trunk of the vehicle, in a single bag, officers found 40-60 rocks of cocaine totaling 30.1 grams. In the front seat, the police officers found a single rock of cocaine. Hayes was charged with unlawful possession of a controlled substance with intent to deliver within 1000 feet of a school bus route stop.[2] RCW 69.50.401; 69.50.435(1)(c).

At trial, Detective Henry Betts testified that he and other officers surveilled Hayes from the end of May through August of 2015. He testified that he surveilled the parking lot of El Hutcho's Bar and Grill in Tacoma. He stated that he witnessed many short-stay interactions with hand-to-hand exchanges between individuals and Hayes. Hayes was in his black Jaguar during all of these interactions. Detective Betts explained that on June 8, officers used a confidential informant (CI) to conduct a controlled buy in the parking lot of El Hutcho's. Detective Betts stated that the CI was searched prior to conducting the buy, a camera was attached to the CI, and money to purchase drugs from Hayes was given to the CI. The CI was recorded conducting the transaction

---

[2] Hayes was also convicted of unlawful delivery of a controlled substance and bail jumping but he does not appeal those convictions.

with Hayes. When the CI returned to Detective Betts, the CI gave the detective two rocks of cocaine. During Detective Betts's testimony, the jury saw the footage from the cameras attached to the CI during the transaction with Hayes.

Detective Betts testified that on August 25, he and other officers served warrants, arrested Hayes, and impounded the black Jaguar. He then applied for a search warrant for the impounded vehicle and while searching the vehicle, officers found 30.1 grams of cocaine in the trunk. Lastly, Detective Betts testified that while transacting out of his car, Hayes would often access his trunk.

Detective Terry Krause next testified to these events. He testified that he had surveilled Hayes in the parking lot of El Hutcho's for over a month and that because of his training and experience in narcotics, certain events stood out. Detective Krause described the CI's controlled buy and that he witnessed Hayes in the Jaguar. Specifically, he described witnessing "lots of typical short-stay traffic where a car would pull in, driver would hop out, go make contact with somebody in front of El Hutcho's, there would be a short conversation, bodies leaning together, quick exchange of hand-to-hand," then the driver would leave. II Verbatim Report of Proceedings (VRP) at 111. He testified that this happened many times with many people. During these transactions, he "could actually see [Hayes] pour little chunks into somebody's hand in exchange for something that was the same size and shape as U.S. currency." II VRP at 111. Detective Krause also testified that a normal amount of cocaine for a user is between two and three rocks, with the most for a typical user being seven rocks. Lastly, Detective Krause testified that during the time the officers surveilled Hayes, he could not recall anyone else but Hayes driving the black Jaguar, and that he never witnessed Hayes using narcotics.

3

Officer Joe Mettler also testified at the trial. Officer Mettler described the June controlled buy with the CI. He also testified that he was the officer who arrested Hayes on August 25 for an outstanding warrant. Lastly, he stated that no drugs or money were found on Hayes's person at the time of his arrest.

Officer Albert Malave testified at the trial. He testified that while surveilling Hayes, Hayes was the only person to drive the black Jaguar and that Hayes parked in the El Hutcho's parking lot on numerous occasions. Officer Malave also described the CI's transaction with Hayes to the jury. Lastly, he testified that Hayes was never seen using narcotics.

Maude Kelleher is employed by the Tacoma School District in the transportation department. Kelleher testified at trial as to the school district's designations of school bus route stops. She also testified that El Hutcho's parking lot was within 1000 feet of three different school bus route stops as designated by the school district.

The jury found Hayes guilty of unlawful possession of a controlled substance with intent to deliver and also found by special verdict that Hayes was within 1000 feet of a school bus route stop. The trial court sentenced Hayes to a standard range sentence plus an additional 24 months on the sentencing enhancement. Hayes timely filed this appeal.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE–POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER

Hayes challenges the sufficiency of evidence and argues that there are no corroborating facts that indicate he had an intent to deliver a controlled substance. He argues that the State only showed that he possessed 30 grams of cocaine and nothing else. Specifically, he argues that "[t]he

cocaine was contained in a single baggie, not packaged separately for sale, and no cash, weapons, packaging materials, scales, cell phones, or log books were found in the car or in Hayes's possession." Br. of Appellant at 9.

Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence . . . ." *Salinas*, 119 Wn.2d at 201. All reasonable inferences must be drawn in favor of the State and interpreted most strongly against the defendant. *Salinas*, 119 Wn.2d at 201.

The law is well settled that mere possession of drugs, without more, does not raise an inference of the defendant's intent to deliver a controlled substance. *State v. Reichert*, 158 Wn. App. 374, 391, 242 P.3d 44 (2010). The State must prove possession of narcotics and at least one additional factor that indicates an intent to deliver in order to convict a defendant of unlawful possession of a controlled substance with intent to deliver. *State v. Goodman*, 150 Wn.2d 774, 783, 83 P.3d 410 (2004). Specific intent can be inferred as a logical probability from all the facts and circumstances. *State v. Davis*, 79 Wn. App. 591, 594, 904 P.2d 306 (1995). Circumstantial and direct evidence are to be considered equally reliable by the reviewing court in determining the sufficiency of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). Additional facts to support an inference of an intent to deliver a controlled substance may include substantial amounts of cash, scales, cell phones, address books, baggies, and materials used to manufacture narcotics. *See State v. Zunker*, 112 Wn. App. 130, 136, 48 P.3d 344 (2002).

Here, the State did not produce a large amount of cash or drug sale paraphernalia which is common corroborative evidence in these types of cases. *See e.g. Zunker*, 112 Wn. App. at 136. The admitted evidence consisted of the officers' testimony of the actions they witnessed before Hayes's arrest. While surveilling Hayes, the officers observed Hayes having many interactions that resembled drug transactions. The officers observed Hayes pour chunks into individual's hands in exchange for what appeared to be money, and they observed and recorded Hayes sell cocaine to the CI.

Because specific intent can be inferred as a logical probability from all of these facts and circumstances, the circumstantial evidence produced by the State allowed for a reasonable inference that Hayes had the intent to deliver a controlled substance. Because in a challenge to the sufficiency of the evidence, we view all facts and reasonable inferences in favor of the State, any rational trier of fact could have found that Hayes had the intent to deliver the cocaine in his possession. Because the evidence was sufficient, the State proved the essential elements of the crime beyond a reasonable doubt. Thus, we hold that Hayes's argument fails.

## II. SAG

### A. DEFINITION OF SCHOOL BUS

In his SAG, Hayes claims that the trial court erred by failing to instruct the jury on the definition of "school bus." Hayes was found guilty by a special verdict of unlawful possession of a controlled substance with intent to deliver within 1000 feet of a school bus route stop.

Hayes's attorney did not request such an instruction or object to the court's failure to give this instruction. Hayes does not provide argument in his SAG as to why we should review this new issue on appeal. Pursuant to RAP 2.5(a), we do not generally review a claim of error raised

6

for the first time on appeal. Thus, we exercise our discretion under RAP 2.5(a) and do not address this issue further.

B. SUFFICIENCY OF EVIDENCE FOR THE SCHOOL BUS ROUTE STOP SENTENCING ENHANCEMENT

Hayes also claims that because the trial court erred in failing to instruct the jury on the definition of "school bus," there was insufficient evidence to prove the jury's special verdict on the sentencing enhancement under RCW 69.50.435(1)(c). We disagree.

We review sufficiency of the evidence claims for whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *Salinas*, 119 Wn.2d at 201.

Hayes's sufficiency challenge is based on the trial court's failure to instruct the jury on the definition of "school bus." Because the State proved that Hayes unlawfully possessed a controlled substance with the intent to deliver within 1000 feet of a school bus route stop as designated by the school district, the State presented sufficient evidence to support the jury's special verdict on the sentencing enhancement. Thus, we hold that this claim fails.

C. SEIZURE OF THE VEHICLE

Hayes next claims, for the first time on appeal, that when the officers impounded the vehicle, that it was a warrantless seizure in violation of the federal and state constitutions. He claims that, at the time of his arrest, he was driving a vehicle that belonged to a third party.[3] He

---

[3] Hayes also claims that this vehicle, owned by a third party, was not subject to a warrantless seizure citing to RCW 69.50.505(1)(d)(ii). However, that statute deals with forfeiture and is not applicable to this case.

> (d) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, in any manner to facilitate the sale, delivery, or receipt of property described in (a) or (b) of this subsection, except that:

claims that the officers obtained a presumably valid warrant to search the vehicle, but they did not have the initial authority to seize and impound the vehicle, and thus, all evidence seized during the search of the vehicle should have been suppressed.

As a threshold issue, Hayes asks that we review this issue under RAP 2.5(a)(3). It has long been the law in Washington that an "appellate court may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). To meet the requirements of RAP 2.5(a)(3) and raise an error for the first time on appeal, an appellant must demonstrate that the error is manifest and that the error is truly of constitutional dimension. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2010). We look to the asserted claim and assess whether, if correct, it implicates a constitutional interest as compared to another form of trial error. *O'Hara*, 167 Wn.2d at 98. After determining the error is of constitutional magnitude, we must determine whether the error was manifest. "'Manifest' under RAP 2.5(a)(3) requires a showing of actual prejudice." *O'Hara*, 167 Wn.2d at 99 (quoting *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007)). To demonstrate actual prejudice, there must be a plausible showing by the defendant that the alleged error had practical and identifiable consequences at trial. *Kirkman*, 159 Wn.2d at 935. In determining whether the error was identifiable, the trial record must be sufficient to determine the merits of the claim. *O'Hara*, 167 Wn.2d at 99. "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest.

---

. . . .

   (ii) No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the owner's knowledge or consent.

RCW 69.50.505(1)(d)(ii)

*State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). "If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition, which may be filed concurrently with the direct appeal." *McFarland*, 127 Wn.2d at 335.

In Washington, officers may lawfully impound a vehicle for three reasons: "(1) as evidence of a crime, (2) under the community caretaking function, or (3) when the driver has committed a 'traffic offense for which the legislature has expressly authorized impoundment.'" *State v. Froehlich*, 197 Wn. App. 831, 838, 391 P.3d 559 (2017) (quoting *State v. Tyler*, 177 Wn.2d 690, 698, 302 P.3d 165 (2013).

The record indicates that the officers arrested Hayes pursuant to a warrant and then one of the officers drove Hayes's vehicle back to police headquarters. After obtaining a search warrant, the officers then searched the vehicle. II VRP at 89-92. The record does not indicate exactly why the officers impounded the vehicle. Without certainty as to why the officers impounded the vehicle, we cannot fairly determine whether the impounding of the vehicle violated Hayes's constitutional rights. Hayes cannot show actual prejudice where the record does not contain the facts necessary to adjudicate the claimed error. *See McFarland,* 127 Wn.2d at 333.

Hayes failed to request a CrR 3.6 suppression hearing and he did not previously argue that the impounding or "seizure" of the vehicle was unlawful, and thus, that all evidence obtained in the search of the vehicle should have been suppressed. Therefore, the State did not have an opportunity to fully develop the record below and to establish that the seizure of the vehicle was lawful. The record does not indicate whether the trial court would have granted a motion to suppress. Thus, Hayes cannot show actual prejudice. *See McFarland,* 127 Wn.2d at 334.

Therefore, because Hayes fails to show a manifest error affecting a constitutional right under RAP 2.5(a), his SAG claim fails.

D.  INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Hayes claims that his trial counsel was ineffective for failing to move to suppress the evidence found inside the vehicle because of its allegedly unlawful impoundment. We disagree.

A claim of ineffective assistance of counsel presents a mixed question of fact and law reviewed de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009); *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, Hayes must show that (1) his trial counsel's representation was deficient and (2) his trial counsel's deficient representation prejudiced him. *Strickland,* 466 U.S. at 687-88; *State v. Thomas,* 109 Wn.2d 222, 225, 743 P.2d 816 (1987).

The first prong is met by the defendant showing that the performance falls "'below an objective standard of reasonableness.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *Strickland*, 466 U.S. at 668). A defendant alleging ineffective assistance must overcome "a strong presumption that counsel's performance was reasonable." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). "'When counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient.'" *Grier*, 171 Wn.2d at 33 (quoting *Kyllo*, 166 Wn.2d at 863). The second prong is met if the defendant shows that there is a substantial likelihood that the misconduct affected the verdict. *State v. Lewis*, 156 Wn. App. 230, 240, 233 P.3d 891 (2010). A defendant's failure to meet their burden on either prong will be fatal to a claim of ineffective assistance. *Kyllo*, 166 Wn.2d at 862.

"Where, as here, the claim is brought on direct appeal, the reviewing court will not consider matters outside the trial record." *McFarland,* 127 Wn.2d at 335. Because this is a direct appeal, we must decide this issue based on the record before us. For the reasons discussed above, Hayes cannot show on this record that the trial court would have likely granted a motion to suppress the evidence seized in his vehicle. Thus, he fails to show actual prejudice and we hold that his SAG claim of ineffective assistance of counsel fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

BJORGEN, J.