IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35619-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERESA JEAN ALATORRE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Teresa Alatorre appeals from a conviction for possession of

methamphetamine with intent to deliver, primarily presenting challenges that she never

raised in the trial court. We affirm.

FACTS

The employees of a YMCA women's shelter in Walla Walla alerted police to the

presence of a car parked in the alley behind the shelter. They were concerned because

men are not supposed to be at the shelter and the male driver was recognized as someone

who had been around the facility before. Ms. Alatorre left the shelter when the car

arrived and approached the passenger side of the vehicle.

When officers arrived, they observed a man sitting in the driver's seat and a woman in the rear on the passenger side. While one officer was talking to the driver, Raymond Tyrell, another officer arrived with his canine. Tyrell was discovered to have a suspended license and was arrested for that offense.

The canine alerted to the presence of drugs in the car. Tyrell then consented to a search of the vehicle. Alatorre got out of the car to facilitate the vehicle search and departed the scene after receiving permission from the officers to leave. On the floor in front of the seat Alatorre had been occupying officers found a lunch bag. Inside were 13 small plastic bags containing methamphetamine. Also in the bag were an EBT card and social security paperwork belong to Ms. Alatorre.

She returned while police were photographing the car after the search and was arrested. During an interview at the police station, she told the detective that she had a backpack and lunch bag with her in the car, and she described her lunch bag for the officer. When shown a picture of the lunch bag, she remembered it but told the detective she had not seen it in a while and did not know why it was in Tyrell's car.

There was no motion to suppress the evidence. The case proceeded to jury trial in the Walla Walla Superior Court. At trial, detective Steve Harris was allowed to testify over defense objections that the evidence should be excluded under ER 403. At defense

insistence, he was qualified as an expert witness.  The defense did not object to the court's determination that Harris was an expert.  In the course of his testimony, the detective discussed the significance of the individually wrapped packages, why they frequently would be transported in bags, and the absence of drug paraphernalia.  Ms. Alatorre testified in her own behalf.  She told jurors that the bag was hers, but that it had been missing for two days.  The methamphetamine was not hers and she did not know it was in the lunch bag.

The defense argued to the jury on a theory of unwitting possession and insufficient proof.  Clerk's Papers at 40.  The jury, however, convicted Ms. Alatorre as charged.  The court imposed a standard range sentence and legal financial obligations (LFOs) totaling $800.

She timely appealed to this court.  A panel considered her case without conducting argument.

## ANALYSIS

Although she raises numerous arguments on appeal through her appellate counsel and a personal statement of additional grounds (SAG), we need only address a few of them.  We first identify the issues she has waived, followed by a discussion of the sufficiency of the evidence, the SAG, and the LFOs.

*Waived Issues*

Through counsel, Ms. Alatorre argues that both the search and the seizure were invalid for three different reasons. She also argues that the detective improperly was allowed to express an opinion. We decline to consider these arguments because she cannot establish that there was any manifest constitutional error.[1]

The general rule is that an appellate court will not consider an issue on appeal which was not initially presented to the trial court. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). Even when the issue presented involves a question of manifest constitutional error, one of the limited exceptions to the general rule, the issue cannot be considered unless the record adequately presents the issue. *State v. McFarland*, 127 Wn.2d 322, 333-334, 899 P.2d 1251 (1995). A manifest constitutional error in the search and seizure context exists when the record establishes that the trial court would have granted a motion to suppress. *Id*. at 333-334.

The question of whether a seizure has occurred is one that presents a mixed question of law and fact. *State v. Armenta*, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997). After hearing a motion to suppress, the trial court must enter findings of fact and conclusions of

---

[1] We also do not reach the questions of whether Ms. Alatorre had standing to raise all of these challenges or whether she abandoned the lunch bag in the car.

law.  CrR 3.6.  This court reviews those findings of fact for substantial evidence.  *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).  The appellate court then reviews de novo the conclusions derived from the factual findings.  *Armenta*, 134 Wn.2d at 9.

Here, as noted, there is no record concerning the seizure because no challenge was raised in the trial court.  Thus, we do not know if the driver was seized prior to his arrest.  We do not know anything about the adequacy of his consent to search.  We do not know if Ms. Alatorre even could assert a challenge to Tyrell's consent.  We have no particular information about the ability of the dog to search for controlled substances, whether that search was even an intrusion into a protected area, etc.  In short, we have no way of knowing what the actual facts of this encounter are because there was no need for the trial court to make any determination about those facts Ms. Alatorre now thinks are important.  In short, her search and seizure issues are not manifest.[2]  RAP 2.5(a)(3); *McFarland*, 127 Wn.2d at 333.

For a related reason, we do not consider the claim that Detective Harris offered improper opinion testimony.  The sole challenge raised to the detective's testimony at trial concerned the necessity for the evidence.  The defense argued that it was cumulative

---

[2] In the federal courts, this argument would not be entertained due to *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (federal court will not consider state habeas case raising suppression issue that could have been, but was not, raised in the trial court).

and a waste of time.  In short, her arguments relied upon ER 403.  Appellate courts will not entertain evidentiary arguments on appeal except on grounds asserted in the trial court.  *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985).  To avoid this limitation, Ms. Alatorre recasts the argument as one of improper opinion testimony.  A witness cannot express the opinion that the defendant is guilty.  *State v. Montgomery*, 163 Wn.2d 577, 591, 594, 183 P.3d 267 (2008).

Although Ms. Alatorre claims that Harris's testimony amounted to an opinion on guilt, it did not.  Explaining the significance of the number of individual bags of marijuana, the absence of drug paraphernalia, and similar evidence provided a basis from which the jury could infer Ms. Alatorre's intent in possessing the drugs.  The evidence was useful, but it was not an opinion that she was guilty.  Thus, this claim, too, is not manifest constitutional error.

The search and seizure arguments, and the belated challenge to the detective's testimony, do not constitute manifest constitutional error that can be considered by this court.  RAP 2.5(a)(3).

*Sufficiency of the Evidence*

Ms. Alatorre argues that the evidence was insufficient to support the jury's determination that she intended to deliver the methamphetamine.  The jury was allowed to draw the conclusion that it did.

6

Sufficiency of the evidence challenges are reviewed under very well settled standards. Appellate courts look to see if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.* This court also must defer to the finder of fact in resolving conflicting evidence and credibility determinations. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

In order to prove the charge, the State was required to establish both that Ms. Alatorre possessed the methamphetamine and that she intended to transfer it to another person. RCW 69.50.401(1). Merely possessing drugs is insufficient to allow an inference of intent to deliver. *State v. Reichert*, 158 Wn. App. 374, 391, 242 P.3d 44 (2010). Instead, there must be "at least one additional factor, suggesting a sale and not mere possession, to corroborate the defendant's intent to deliver." *Id*.

Ms. Alatorre likens these cases to a pair of decisions in which this court found evidence of small quantities of marijuana packaged in individual bags to be insufficient to support the intent to deliver; the evidence was consistent with personal use. *State v. Davis*, 79 Wn. App. 591, 596, 904 P.2d 306 (1995); *State v. Kovac*, 50 Wn. App. 117, 121, 747 P.2d 484 (1987). Those cases are distinguishable, in part because the number of bags here was equal to the total in those two cases combined. One significant factor not

7

present here, but present in *Davis*, was the absence of drug paraphernalia. A person who is using controlled substances likely would have their means of ingesting the substance at hand.[3] That information also is supported by the act of Ms. Alatorre entering Tyrell's car in the back seat (suggesting a possible commercial transaction) of a car that remained parked in a back alley instead of driving off.[4] That the drugs were packaged for sale was also supported by the testimony of the detective that the 13 individual bags were worth $20 each, but that the total quantity found in the bags was only worth $60. In other words, no user would purchase that many separate bags when she could have obtained the same amount for much less.

Viewing the testimony in the light most favorable to the State, the evidence did allow the jury to conclude that Ms. Alatorre possessed it with the intent to sell. It was sufficient.

*Statement of Additional Grounds*

Ms. Alatorre filed a SAG raising two issues—a claim that the evidence was tampered with and a claim that the officers unlawfully searched her purse. No argument along either of these grounds was presented in the trial court.

---

[3] The absence of evidence sometimes can constitute evidence. *See* SIR ARTHUR CONAN DOYLE, *The Adventure of Silver Blaze*, *in* THE MEMOIRS OF SHERLOCK HOLMES (1894) (silence of guard dog allowed inference that thief was known to the dog).

[4] She testified that she was staying at the shelter and Tyrell had stopped by to give her a ride to a casino.

The defense did not object to the admission of the methamphetamine during trial. Accordingly, she has waived her first SAG argument. The second claim fails for the same reason that we rejected the search arguments raised by her counsel—the relevant factual circumstances have not been determined because of the failure to raise the claim in the trial court. We are in no better position to consider this argument than we were to consider the claims raised by counsel.

The SAG arguments cannot be considered.

*Financial Matters*

Lastly, counsel argues that the court erred in imposing the criminal filing fee and that costs should not be assessed on appeal.

A decision released after the sentencing in this case determined that statutory changes to LFO assessment and collection applied retroactively to cases on appeal. *State v. Ramirez*, 191 Wn.2d 732, 735, 426 P.3d 714 (2018). As a result, indigent offenders need not pay the criminal filing fee. Since Ms. Alatorre is indigent, we direct that the trial court strike the filing fee.

She also asks that we disallow costs on appeal due to her indigency. By the terms of RAP 14.2 and our general order of February 19, 2019, we leave that issue to our commissioner in the event that the State seeks costs in this court.

No. 35619-1-III
*State v. Alatorre*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.